J-S37013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHANNON DUKES | : | |
| | : | |
| Appellant | : | No. 1917 EDA 2019 |

Appeal from the PCRA Order Entered May 15, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013075-2014

BEFORE: PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED JANUARY 28, 2022**

Appellant, Shannon Dukes, appeals from the order entered in the Philadelphia County Court of Common Pleas on May 15, 2019, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546, without a hearing. PCRA counsel has filed an **Anders**[1] brief in which he concludes there are no non-frivolous issues to raise on appeal.[2] As

---

[*] Former Justice specially assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967).

[2] We note that PCRA counsel mistakenly labeled his brief an **Anders** brief. **Anders** applies only when counsel seeks to withdraw from representation on direct appeal. When counsel seeks to withdraw from representation on collateral appeal, as here, **Turner** and **Finley** apply. **See Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) (citing **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213

*(Footnote Continued Next Page)*

we find counsel's attempt to withdraw is deficient, we instruct counsel to correct those deficiencies before we may address this appeal on its merits.

On November 16, 2015, following a jury trial, Appellant was found guilty of robbery, possession of an instrument of crime, and three violations of the Uniform Firearms Act, stemming from an attempted robbery in North Philadelphia.

On May 9, 2016, the trial court sentenced Appellant to an aggregate term of seventeen to thirty-four years' incarceration. We affirmed Appellant's judgment of sentence on direct appeal. *See Commonwealth v. Shannon Dukes*, 1785 EDA 2016 (Pa. Super., filed March 27, 2018) (unpublished memorandum). Appellant did not seek further review with the Pennsylvania Supreme Court.

On September 17, 2018, Appellant filed a *pro se* PCRA petition, claiming trial counsel was ineffective for waiving Appellant's right to be present at two pretrial hearings. PCRA counsel was appointed, but did not file an amended petition. Instead, counsel filed a *Finley* no-merit letter, along with a petition to withdraw as counsel. Counsel stated in the no-merit letter that the petition

_____

(Pa. Super. 1988) (*en banc*)). On its own, counsel's mistake is not fatal to his application to withdraw, though, as we have held that "because an *Anders* brief provides greater protection to a defendant, this Court may accept an *Anders* brief in lieu of a *Turner/Finley* letter." *Id*. (citation omitted). Therefore, our practice in these situations is to accept counsel's *Anders* brief and evaluate whether it substantially satisfies *Turner/Finley* criteria. *See id*. at 819.

was untimely filed, Appellant failed to invoke an exception to the PCRA time-bar, and the issues raised in the petition were without merit.

The PCRA court subsequently issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, based on counsel's *Finley* letter, and its own conclusion that the issues raised in the petition were without merit.

On May 20, 2019, the PCRA court entered an order dismissing Appellant's PCRA petition, stating the issues raised in the petition were without merit, and the petition was untimely filed and did not invoke an exception to the PCRA time-bar.[3] On June 5, 2019, this timely *pro se* appeal followed.[4]

_____

[3] The PCRA court attempts to correct a previous error in its opinion on appeal, in which it states "PCRA counsel's *Finley* letter incorrectly opines that appellant's PCRA petition was untimely filed." PCRA Court Opinion, 9/29/20, at 2. However, as stated above, the PCRA court itself relied on this incorrect assertion in its order dismissing the PCRA petition. We agree the petition was not untimely. Appellant's judgment of sentence became final on April 27, 2018, 30 days after this Court affirmed his judgment of sentence. Therefore, Appellant had until April 27, 2019, to timely file a PCRA petition in this matter. His petition - filed on September 17, 2018 - was well within the one-year timeframe allowed.

[4] Appellant was still represented by PCRA counsel when he filed the *pro se* notice of appeal. Generally, hybrid representation is forbidden under Pennsylvania law. **See Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016). Therefore, *pro se* documents filed with a court while the filer is represented by counsel are generally rejected as legal nullities. **See id**. However, *pro se* notices of appeal are an exception to this general rule. **See id**. at 624. Accordingly, Appellant's *pro se* notice of appeal was appropriately filed and procured our jurisdiction over his appeal.

For reasons that are unclear from the record, well over a year then passed without any action taken on Appellant's appeal. On September 29, 2020, the PCRA court filed its opinion pursuant to Pa.R.Crim.P. 1925(b).[5]

On November 6, 2020, with his appeal still pending, Appellant filed a *pro se* motion with our Court, asking "for permission to file an explanation as to why his pending appeal should not be quashed." In the filing, Appellant stated that counsel would not file an appellate brief on his behalf because she believed the PCRA court had removed her as counsel. However, Appellant explained that based on a letter sent from our prothonotary on October 26, 2020 to Appellant, she was still shown as counsel of record on the appeal docket sheet. Interestingly, this filing was forwarded to counsel pursuant to Pa.R.A.P. 3304. **See Commonwealth v. Jette**, 23 A.3d 1032, 1041 (Pa. 2011) ("[O]ur rules of appellate procedure provide that whenever a defendant is represented by an attorney and the defendant files a *pro se* motion with the

_____

[5] We note there are numerous irregularities in the PCRA court's opinion. First, the court states a hearing was held on the PCRA petition on May 15, 2019, that was attended by PCRA counsel. There is no record evidence of a hearing on this date, and it appears undisputed from the record that the petition was dismissed without a hearing. Next, the PCRA court states it granted counsel leave to withdraw. Again, the certified record does not contain any order granting the motion to withdraw. Finally, in a footnote, the court states "PCRA counsel's **Finley** letter incorrectly opines that appellant's PCRA petition was untimely filed." PCRA Court Opinion, 9/29/20, at 2, n.3. However, the PCRA court itself included untimeliness as a reason for dismissing the petition in the order giving rise to this appeal. **See** Order, 5/20/2019 ("... and that said petition was untimely filed and did not invoke an exception to the timeliness provision of the [PCRA]...").

court, the filing will not be docketed and will be forwarded to counsel for his consideration.")

On December 7, 2020, finding counsel had failed to file a brief on Appellant's behalf, we remanded to the PCRA court for 30 days to determine whether counsel had abandoned Appellant or for counsel to take further action as required to protect Appellant's right to appeal. On April 21, 2021, the PCRA court appointed new counsel.[6] After multiple continuances, current PCRA counsel filed an **Anders** brief with this Court.

Before any substantive analysis, we must examine whether current PCRA counsel has met the procedural requirements for withdrawing as counsel.

> Where, as here, counsel for a PCRA appellant files an **Anders** brief and an application to withdraw, we first examine whether counsel's brief substantially complies with **Turner/Finley** standards. A **Turner/Finley** brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. Substantial compliance with these requirements is sufficient.
>
> …
>
> Next, PCRA counsel must send a copy of her brief to the PCRA appellant, along with a copy of her petition to withdraw, and inform him of his right to proceed *pro se* or to retain new counsel. In conjunction with counsel's request to withdraw, it is important to inform the PCRA appellant of his right to proceed *pro se* and

---

[6] Despite this new appointment of counsel, there is no record evidence that prior PCRA counsel was ever formally relieved of her duties. To clear up any inconsistencies that may appear in the record, we grant former PCRA counsel's petition to withdraw as counsel.

raise additional points for our review before this Court examines counsel's request to withdraw and the merits of the case. Although a party may not typically proceed *pro se* while represented by counsel, there is an exception if appellate counsel has filed a **Turner/Finley** brief, because that filing signifies that the PCRA appellant is effectively without counsel. Where an appellant has not been apprised of his right to proceed *pro se* following the filing of a **Turner/Finley** brief, the notice is defective.

**Commonwealth v. Gordon**, 237 A.3d 492 (Pa. Super. 2020) (citations omitted).

Here, counsel substantially complied with the briefing requirements. His brief reflects that he reviewed the record, listed the issues that Appellant wanted reviewed (trial counsel's alleged ineffectiveness, and prior PCRA counsel's alleged failure to send Appellant the **Finley** no-merit letter), and explained why they were meritless.

However, while counsel filed an **Anders** brief concluding there are no non-frivolous issues to raise on appeal, counsel did not file a contemporaneous application to withdraw from representation, and by extension of that failure, did not attach to that application the letter advising Appellant of his rights. **See Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005). It therefore appears counsel failed to provide proper notice to Appellant of his rights going forward. The record is devoid of any indication that PCRA counsel sent a copy of his brief to Appellant or that he sent him a letter advising him of his right to proceed *pro se* or retain new counsel and raise any additional points that he deemed worthy of this Court's attention.

Accordingly, we direct counsel to either file an advocate's brief or a petition to withdraw that meets the requirements pursuant to *Turner/Finley* within 15 days. If counsel elects to file a petition to withdraw, he must also comply with the notice requirements of *Millisock*, and file proof thereof with this Court. Namely, counsel must attach to the petition a copy of a letter sent to Appellant, fully advising him of his immediate right, either *pro se* or with privately retained counsel, to file a brief on any additional points he deems worthy of review, and advise Appellant that he may respond, within 30 days of counsel's letter, to counsel's brief, if he so chooses. The Commonwealth will then have 30 days to respond to anything filed by current PCRA counsel or Appellant.

PCRA counsel to file an application to withdraw within fifteen (15) days of the date this memorandum is filed and provide notice pursuant to *Turner/Finley*. Appellant may respond to the application within thirty (30) days of the date of the letter notifying him of the application to withdraw. In the alternative, PCRA counsel may file an advocate's brief within fifteen (15) days of the date of this memorandum. In either event, the Commonwealth will be permitted to file a response to such filings, by either PCRA counsel or Appellant, within thirty (30) days of the date they are filed in this Court.

Panel jurisdiction retained.